UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

FILED
98 SEP 14 AM 10: 47
U.S. DISTRICT COURT
N.D. OF ALABAMA

TERRY DENNIS, DARRYL LAW )
& DANIEL McCRAY, )
    Plaintiffs, )
)
                                                                           ) No. CV-96-P-1087-S
-vs.- ) No. CV-96-P-1961-S
) No. CV-96-P-3121-S
BIRMINGHAM BUDWEISER )
DISTRIBUTING COMPANY, )
INC., )
    Defendant. )

ENTERED
SEP 1 4 1998

### MEMORANDUM OPINION

The defendant filed a motion for summary judgment on May 15, 1998 in this consolidated case that was considered at the July 31, 1998 motion docket. Upon hearing oral argument, the court entered two orders denying summary judgment as to the claims by plaintiffs Terry Dennis and Daniel McCray on August 10, 1998. The motion for summary judgment as to the third plaintiff, Darryl Law, was taken under submission. For the reasons expressed below, the defendant's summary judgment motion as to plaintiff Darryl Law is due to be granted.

### Facts[1]

Darryl Law, along with the two other black male plaintiffs in this consolidated case, filed EEOC charges against Birmingham Budweiser Distributing Company, Inc. (hereinafter BBDC), alleging racial discrimination with regard to their termination. BBDC is a wholesaler beer distributer that distributes Anheuser-Busch products to retailers in Birmingham and surrounding areas. Law,

---

[1] The facts as stated in this memorandum are based upon the materials submitted by the parties viewed in the light most favorable to the plaintiff.

1

an employee of Budweiser since January 29, 1990, was originally hired as a Route Assistant but was eventually promoted to a sales position. As a Route Salesman, Law was responsible for following BBDC's Stock Rotation Policy.[2] The policy sets forth specific requirements for removing expired beer and explains the consequences for failing to do so.[3] After out-of-date beer was discovered on Law's route for the fifth time within a twelve month period, he was fired on November 27, 1995 for violating the Stock Rotation Policy. Law was replaced by a white employee, Mike Stedham.

The plaintiff maintains that he was fired because of his race. BBDC, however, contends that Law should have been terminated after his fourth write-up within one year for selling old beer but was given an opportunity to improve his job performance. However, it was after the fifth write-up, that BBDC terminated the plaintiff.

Following his termination, Law timely filed an EEOC charge alleging racial discrimination with respect to his discharge. In the EEOC charge, Law stated that the reason given by his employer for his termination was that he had exceeded the number of violations allowed within one year as stated in the company's Stock Rotation Policy. However, Law alleged that he was not written-up for selling out-of-date beer five times within one year and that a white employee received five write-ups and was neither terminated nor reprimanded. After receiving his right to sue letter from the EEOC, Law filed this lawsuit, alleging that he was terminated because of his race in violation of Title VII.

---

[2] The Stock Rotation Procedure is a policy instigated by Anheuser-Busch to ensure that its distributers do not allow out-of-date beer to be sold past the expiration date stamped on each can or bottle. It is the responsibility of the individual distributors to constantly monitor the expiration dates on these products and remove old beer from the shelves before they reach the consumer.

[3] The Stock Rotation Policy states that an employee who receives four warnings for selling out of date beer within a 12 month period should be terminated.

2

## Analysis

### 1. Termination Claim

Title VII of the Civil Rights Act of 1964 makes it unlawful for employers to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In order to succeed on a claim of disparate treatment under Title VII, a plaintiff must prove intentional discrimination by either direct or indirect evidence. Direct evidence of discriminatory intent is found in such actions as a decisionmaker's discriminatory remarks made in the context of his decision. *See Walker v. Nationsbank of Florida*, 53 F.3d 1548, 1555 (11th Cir. 1995); *Buckley v. Hospital Corp. of America, Inc.*, 758 F.2d 1525, 1529-30 (11th Cir. 1985). Intentional discrimination can also be proven by presenting circumstantial evidence under the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 293 (1973), and *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1981). Under the burden-shifting approach, a plaintiff must first establish a prima facie case of discrimination by establishing that (1) he belongs to a protected class; (2) he was qualified for the position held at the time of discharge; (3) he was discharged; and (4) he was replaced by a person who was a member of another race whose qualifications were inferior to his. *See Walker*, 53 F.3d at 1556.

Once the plaintiff presents this prima facie case, the burden then shifts to the employer to articulate a "legitimate, nondiscriminatory reason for the employment action." *See Burdine*, 450 U.S. at 256-59. If the defendant can meet its burden of production, then the burden shifts once again to the plaintiff to show that the employer's alleged non-discriminatory reasons were merely pretexts for

3

discrimination. *See McDonnell Douglas*, 411 U.S. at 804. At the summary judgment stage, once the employer presents evidence of nondiscriminatory reasons for its actions, it is up to the plaintiff to establish a genuine dispute of material fact about whether the employer's reasons are merely pretext and whether there is enough evidence to support an inference of discriminatory motivation. *See St. Mary's Honors Center v. Hicks*, 509 U.S. 502, 511 (1993).

The plaintiff in this case has not presented direct evidence of discriminatory intent with regard to his employer's decision to terminate him. Furthermore, the plaintiff's indirect evidence also fails to establish discriminatory intent. Even assuming that the plaintiff has presented an adequate prima facie case of racial discrimination, the defendant has offered a legitimate, nondiscriminatory reason for terminating the plaintiff's employment. The defendant, pointing to the Stock Rotation Policy, has shown that the plaintiff was not only treated equally but was actually treated better than the policy required. Although Law should have been terminated for his fourth write-up within one year, he was given an "extra" write-up before being terminated. Nothing in the record indicates that the defendant's proffered reason was illegitimate or discriminatory.

Because the plaintiff has failed to prove intentional discrimination in connection with his termination, the defendant's motion for summary judgment is due to be granted.

Dated: September  14 , 1998.

Chief Judge Sam C. Pointer, Jr.

Service List:

    Hycall Brooks, III
    Gregory O. Wiggins